No. 3159.—PAULINE FLANNER *v.* AMBROISE LECOMPTE and S. PARSONS, Sheriff.

If prescription has been acquired in favor of an estate, parol evidence will not be admitted to show an interruption, nor will the written acknowledgment by the executor, made after prescription has been acquired, be allowed to establish an interruption. 21 An. 373. When, therefore, a judgment has been rendered against a party in his individual capacity and as executor of his co-debtor, and the proof shows that the written acknowledgment by the executor of the obligation of his co-debtor was not made until after prescription was acquired, then, and in that case, the injunction against the seizure on the judgment thus rendered will be perpetuated in so far, as the estate is concerned, on the ground and for the reason that the debt was prescribed as against the succession.

APPEAL from the Ninth District Court, parish of Natchitoches. *Osborn,* J. *H. Safford,* for plaintiff and appellee. *Pierson & Levy,* for defendants and appellants.

HOWE, J. The injunction obtained by plaintiff should be maintained in part, viz: as to the undivided half of the tract of land about to be sold by defendants, which belongs to the succession of Eleazar

L. Hyams. The mortgage note held by defendant, Lecompte, was clearly prescribed before the written acknowledgment made by Samuel M. Hyams, executor, in January, 1866. The executor had no authority to renounce an acquired prescription. 21 An. 373.

The note, as to the other maker, Samuel M. Hyams, seems to have been kept alive by repeated acknowledgments, so that prescription as to him was never acquired.

There is no force in the objection of plaintiff to oral testimony to prove these acknowledgments, it appearing that at the time of trial S. M. Hyams was also deceased. The Statute of 1858, page 148, prohibits the reception of such testimony " against a succession." This contest is between two creditors, their claims, respectively, against the succession having been closed some years ago by judgment. Nor can the objection of plaintiff to the testimony of Mrs. Mary E. Hyams, the widow of S. M. Hyams, as to acknowledgments by him, be maintained. She was not testifying for or against her husband, but in behalf of one creditor against another.

It is therefore ordered that the judgment appealed from be reversed. It is further ordered that there be judgment in favor of plaintiff, perpetuating the injunction issued herein, so far as to restrain the sale by defendant, Lecompte, under his judgment, of that undivided portion of the tract of land, described in the petition and exhibits, which belongs to the succession of Eleazar L. Hyams. It is further ordered that in other respects the said injunction be dissolved; that the defendants pay the costs of the lower court and the plaintiff those of the appeal.